IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kenneth S. Taylor | ) | Case No. 5:22CV516 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| Technical Consumer Products, et al., | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | (Resolves Doc. 4) |

This matter comes before the Court on a pending motion to dismiss or in the alternative stay this matter pending arbitration filed by Defendants Technical Consumer Products ("TCP"), Ellis Yan, Jim Mitchell, Chiquita Adams, and Carla Smaltz. Pro se Plaintiff Kenneth Taylor has opposed the motion. The motion is GRANTED.

**I.      Facts**

Taylor is an employee of TCP and filed this suit on April 1, 2022. Within his complaint, Taylor appears to allege any number of claims related to a COVID-19 vaccination policy instituted by TCP on August 3, 2021. In response to the complaint, TCP has moved to compel arbitration or in the alternative dismiss Taylor's complaint for failure to state a claim.

On February 20, 2021, Taylor signed numerous documents as a part of his onboarding process with TCP. The employment agreement that Taylor signed included the following provision:

> Arbitration of Disputes. Both I and Employer agree to resolve any and all claims, disputes or controversies arising out of or relating to this Agreement, my employment with Employer (including wages and compensation), and/or the termination of my employment, with the sole and limited exception of those claims identified in paragraph 9-4.1, exclusively by arbitration to be administered by the American Arbitration Association ("AAA") pursuant to its Rules for the resolution of employment disputes. Copies of AAA's Rules are available on AAA's website (www.adr.org) or in the Human Resources office. I further understand that I am waiving any right or authority for any such claim, dispute or controversy to be brought, heard or arbitrated as a class or collective action, private attorney general or in a representational capacity on behalf of any person. I also understand that my agreement to arbitrate constitutes a waiver of my right to adjudicate claims against Employer in court and that I am opting instead to arbitrate any such claims.

Doc. 4-1 at 8.  Based upon the above, TCP contends that all of Taylor's claims are subject to arbitration.

## II.     Legal Standard

In reviewing the pending motion, this Court "must determine whether the dispute is arbitrable, meaning that a valid agreement to arbitrate exists between the parties and that specific dispute falls within the substantive scope of the agreement." *Landis v. Pinnacle Eye Care, LLC*, 537 F.3d 559, 561 (6th Cir. 2008). The Court is mindful in its analysis that in passing the Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, Congress's "preeminent concern" was to enforce private agreements to arbitrate. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). Furthermore, in resolving the issue, this Court must consider that there is "a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983).

**III.     Analysis**

In his opposition, Taylor does not dispute that the subject matter of his claims falls within the scope of the arbitration provision.[1] Instead, Taylor makes a series of arguments that suggest that the arbitration provision is unconscionable and that certain claims are exempt from arbitration. The Court will review those arguments in turn.

Initially, the Court notes that the Sixth Circuit has explained the Court's unconscionability review as follows:

> Under Ohio law, the unconscionability doctrine has two components:
>
> (1) substantive unconscionability, i.e., unfair and unreasonable contract terms, and (2) procedural unconscionability, i.e., individualized circumstances surrounding each of the parties to a contract such that no voluntary meeting of the minds was possible. Both elements must be present to find a contract unconscionable.
>
> … In determining procedural unconscionability, Ohio courts look to factors bearing on the relative bargaining position of the contracting parties, including their age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, and whether alterations in the printed terms were possible. The crucial question is whether each party to the contract, considering his obvious education or lack of it, had a reasonable opportunity to understand the terms of the contract, or were the important terms hidden in a maze of fine print?

*Morrison v. Cir. City Stores, Inc.*, 317 F.3d 646, 666 (6th Cir. 2003)(quotations, citations, and alterations omitted). The focus of substantive unconscionability is on whether terms are fair and reasonable. *See Collins v. Click Camera & Video*, 86 Ohio App.3d 826, 621 N.E.2d 1294, 1299 (1993) (unfair and unreasonable contract terms are substantively unconscionable). Courts have found substantive unconscionability where "the costs associated with the arbitration effectively

---

[1] Even if the Court construed any of Taylor's arguments as challenging whether the claims fall within the scope of the agreement, the parties' agreement to use AAA's rules would delegate such a decision to the arbitrator. ("The incorporation of the AAA Rules into an arbitration agreement delegates the power to determine the arbitrability of the dispute to the arbitrator." *Andrio v. Kennedy Rig Servs., LLC*, No. 4:17-CV-1194, 2017 WL 6034125, at *3 (S.D. Tex. Dec. 6, 2017))

deny a claimant the right to a hearing or an adequate remedy in an efficient and cost-effective manner[.]" *Felix v. Ganley Chevrolet, Inc*., 2006-Ohio-4500 at ¶ 21, 2006 WL 2507469 (Ohio Ct. App. 2006).

Here, there is nothing in the parties' arbitration provision that would not deny or inhibit Taylor from seeking and obtaining the relief that would be available to him through statute. Moreover, Taylor bears the burden of demonstrating unconscionability and has offered no argument to suggest that the agreement is *substantively* unconscionable. Instead, Taylor appears to have focused exclusively on procedural unconscionability by contending that the agreement used fine print, that he had no opportunity to consult with an attorney, and that his time to review the agreement was limited. However, to prevail on his challenge, Taylor must prove both substantive and procedural unconscionability. Accordingly, his challenge must fail.[2] TCP's motion to compel arbitration is GRANTED.

**IV.    Conclusion**

With respect to the issue of staying or dismissing the matter, the Court has reviewed the Sixth Circuit law and it is clear that the Court may choose either course of action. *See Hensel v. Cargill, Inc.*, 198 F.3d 245 (6th Cir. 1999) (table decision); *ATAC Corp. v. Arthur Treacher's, Inc.*, 280 F.3d 1091 (6th Cir. 2002). In past cases, this Court has consistently followed one approach and will continue to do so herein. The Court believes that its practice protects the parties' rights and promotes judicial economy.

Accordingly, Taylor is compelled to arbitrate any claims in the complaint that he has against TCP. Further proceedings in the within case are hereby perpetually stayed and the within

---

[2] While the Court does not reach the issue, the agreement directly contradicts Taylor's assertion that the arbitration provision was contained in fine print. The provision uses the same size font as the remaining terms and is located on page 6 of 8 of the document. Nothing about its placement or language makes it difficult to locate or read.

case is hereby CLOSED, subject to reopening upon a well-taken written motion of Taylor, TCP, or any other proper party in interest, after the final decision of the Arbitrator.

IT IS SO ORDERED.


Dated: May 10, 2022             /s/ *Judge John R. Adams*
                                                      JUDGE JOHN R. ADAMS
                                                      UNITED STATES DISTRICT COURT